# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

ANTHONY NEALY,

    Petitioner,

vs.                                  Case No. 4:07cv278-RH/WCS

JAMES McDONOUGH,

    Respondent.

                                /

## REPORT AND RECOMMENDATION TO DISMISS § 2254 PETITION

      Petitioner filed a 28 U.S.C. § 2254 petition, challenging his sentence imposed by the Circuit Court in Leon County in 2003. Doc. 1. After entering a plea of nolo contendere, Petitioner alleged he was sentenced to ten years for "one count of lewd and lascivious under 16." *Id.*, p. 1.

      Leave to proceed in forma pauperis was granted and Petitioner directed to show cause why his petition should not be summarily dismissed as untimely filed. Doc. 6. The court noted that the judgment at issue was affirmed on March 7, 2005. *Id.*, p. 1 (citing Nealy v. State, 896 So.2d 750 (Table) (Fla. 1st DCA 2005)). Petitioner did not seek rehearing or file a petition for writ of certiorari, so his conviction became final on

June 6, 2005. *Id.*, pp. 1-2 and n. 1. There is a one year limitations period for filing a § 2254 petition, which in the usual case runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A).[1] The limitations period is tolled for the time during which a "properly filed" application for relief is pending in state court. § 2244(d)(2). As noted in the prior order, absent a later commencement date or additional tolling, the § 2254 petition was untimely.[2]

In response, Petitioner "states he is and has raised an actual innocence claim to pass through the gateway of his admittedly and otherwise untimely petition." Doc. 7, *citing*, doc. 1, p. 4; Arthur v. Allen, 452 F.3d 1234 (11th Cir. (11th Cir. 2006),[3] and Wyzykowski v. Dept. of Corrections, 226 F.3d 1213 (11th Cir. 2000). A prisoner may assert actual innocence as a "gateway" to review of a procedurally defaulted claim, to avoid the requirement of showing cause and prejudice for a default. House v. Bell, __ U.S. __, 126 S.Ct. 2064, 2076, 165 L.Ed.2d 1 (2006) (citations omitted). The Eleventh Circuit has not yet decided whether an exception to the time limit for a first § 2254

---

[1] The limitations period runs from the latest of specified dates, which (in addition to that quoted above) include: the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D).

[2] Petitioner's Fla.R.Crim.P. 3.800 motion, filed more than one year from the date the conviction became final, could not toll the period which had already expired. Doc. 1, p. 2 (citations omitted).

[3] The opinion was modified, not in relevant part, on rehearing. Arthur v. Allen, 459 F.3d 1310 (11th Cir. 2006) (replacing the discussion regarding entitlement to a hearing and discovery set forth under IV. B of the opinion).

petition claiming actual innocence is required by the Suspension Clause, requiring a sufficient showing of actual innocence before reaching the issue. Arthur, 452 F.3d at 1244; Wyzykowski, 226 F.3d at 1218-19.

To demonstrate actual innocence in the gateway context, the prisoner "must establish that, in light of new evidence, 'it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt.'" 126 S.Ct. at 2076-77, *quoting* Schlup v. Delo, 513 U.S. 298, 327, 115 S.Ct. 851, 130 L.Ed.2d 808 (1995). Although there must be "new reliable evidence" not presented at trial, the court's gateway analysis is not limited to that evidence, or even to evidence which would necessarily be admissible at trial. 126 S.Ct. at 2077 (discussing Schlup, other citation omitted). *See also* Johnson v. Alabama, 256 F.3d 1156, 1171 (11th Cir. 2001) (petitioner must show it more likely than not that no reasonable juror would have convicted him, and credible actual innocence claim must be based on reliable evidence not presented at trial) (citing Schlup, other citation omitted). "Given the rarity of such evidence, 'in virtually every case, the allegation of actual innocence has been summarily rejected.'" Calderon v. Thompson, 523 U.S. 538, 559, 118 S.Ct. 1489, 1503, 140 L.Ed.2d 728 (1998) (*quoting* Schlup with internal quotation marks omitted); Johnson, 256 F.3d at 1171 (quoting Calderon and Schlup).

The page of the petition referenced by Petitioner to support his actual innocence claim sets forth the sole basis for § 2254 relief: ineffective assistance of counsel in advising him to enter a plea as there was no factual basis and he was actually innocent. Doc. 1, p. 4. The facts in support read, in their entirety:

> Defendant told counsel he merely swatted the alleged victim on the rear end with the open palm of his hand to move the child to do what he told her to do, that is, "to go wake up [her] mother," and that's it. Had Defendant known that there was no factual basis for the plea and that he was actually innocent as a matter of law, he would not have pleaded and insisted on going to trial.

*Id.* (brackets in original).

This is wholly insufficient to make a showing of actual innocence to potentially excuse compliance with the one year time limit. Arthur, 452 F.3d at 1244-46 (assuming actual innocence could excuse the time requirement, new affidavits produced there did not satisfy the threshold showing of innocence where "what little doubt they raise as to Arthur's guilt in no way undermines confidence in the result of his trial.").

To the extent Petitioner asserts actual innocence for equitable tolling of the one year period, his allegations are insufficient to show extraordinary circumstances or due diligence, both of which are required to justify equitable tolling. Arthur, 452 F.3d at 1252-53 (discussing the requirements for equitable tolling, citations omitted); *see also* Jackson v. Astrue, 506 F.3d 1349, 1355 (11th Cir. 2007) ("traditional equitable tolling principles require that the claimant demonstrate *extraordinary circumstances*, such as fraud, misinformation, or deliberate concealment.") (emphasis in original) (addressing the argument in context of untimely social security claim); Flanders v. Graves, 299 F.3d 974, 977 (8th Cir. 2002) (finding no extraordinary circumstances to justify late finding of facts supporting actual innocence claim), 452 F.3d at 1253, n. 18 (citing Flanders, other citations omitted).[4]

---

[4] The Eighth Circuit in Flanders, like other circuits, considered actual innocence not as a separate exception but as relevant to equitable tolling. While actual innocence may be used as a gateway to allow consideration of a defaulted claim, with the one year

Petitioner entered a guilty plea, and now claims that it was invalid because the facts he admitted to were insufficient to support the charge. He has not shown actual innocence or any entitlement to equitable tolling, and the petition should be summarily dismissed.

It is therefore respectfully **RECOMMENDED** that the § 2254 petition, challenging the 2003 judgment of the Second Judicial Circuit, Leon County, be **SUMMARILY DISMISSED** as untimely.

**IN CHAMBERS** at Tallahassee, Florida, on December 19, 2007.


    s/    William C. Sherrill, Jr.
    **WILLIAM C. SHERRILL, JR.**
    **UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

time limit "[w]e are dealing here with a statute. It is our duty to apply statutes as written." 299 F.3d at 977. While actual innocence could be relevant to equitable tolling, for the claim to be viable, "a petitioner would have to show some action or inaction on the part of the respondent that prevented him from discovering the relevant facts in a timely fashion, or, at the very least, that a reasonably diligent petitioner could not have discovered these facts in time to file a petition within the period of limitations." 299 F.3d at 978. *See also* Escamilla v. Jungwirth, 426 F.3d 868, 871-872 (7th Cir. 2005) ("'actual innocence' is unrelated to the statutory timeliness rules," and "[p]risoners claiming to be innocent, like those contending that other events spoil the conviction, must meet the statutory requirement of timely action.") (citations omitted); McCray v. Vasbinder, 499 F.3d 568, 571 (6th Cir. 2007) ("[o]ne form of equitable tolling that we have recognized is a claim of 'actual innocence.'") (citation omitted), *pet for cert filed* November. 26, 2007; McKeever v. Warden SCI-Graterford, 486 F.3d 81, 84 (3d Cir.), *cert. denied*, 128 S.Ct. 538 (2007) ([t]he Third Circuit has not yet decided whether a claim of actual innocence may equitably toll the one-year filing period under 28 U.S.C. § 2244(d).").

Case No. 4:07cv278-RH/WCS